[Nos. B235491, B236084. Second Dist., Div. Three. Apr. 25, 2012.]

KINECTA ALTERNATIVE FINANCIAL SOLUTIONS, INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; KIM MALONE et al., Real Parties in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part IV.D.–F.

COUNSEL

Jackson Lewis, David G. Hoiles, Jr., and Karen D. Simpson for Petitioner.

No appearance for Respondent.

The Nourmand Law Firm, Michael Nourmand and James A. De Sario for Real Parties in Interest.

OPINION

KITCHING, J.—

## I. INTRODUCTION

Defendant Kinecta Alternative Financial Solutions, Inc. (Kinecta), petitions for writ of mandate or prohibition to set aside an order denying Kinecta's request for dismissal of class claims from the complaint filed by plaintiff Kim Malone. When Kinecta hired Malone, she signed a provision that Kinecta and Malone would arbitrate disputes arising out of Malone's employment. By granting Kinecta's motion to compel arbitration and denying its motion to dismiss class allegations from Malone's complaint, the trial court imposed class arbitration, even though the arbitration provision was silent on the issue of class arbitration and limited the arbitration to disputes between Malone and Kinecta. We address the issue whether a party to an arbitration provision which neither authorizes nor prohibits class arbitration can be compelled to arbitrate class arbitration.

In *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148 [30 Cal.Rptr.3d 76, 113 P.3d 1100], overruled in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740], the California Supreme Court states that when a consumer contract of adhesion contains a class action waiver, when disputes between the contracting parties involve small amounts of damages, and when it is alleged that the party with superior bargaining power has carried out a scheme to cheat large numbers of consumers out of individually small sums of money, then the waiver exempts the party from responsibility for its own fraud or willful injury to the person or property of another. In these circumstances, class action waivers are unconscionable and should not be enforced. (*Discover Bank v. Superior Court*, at pp. 162–163.)

*Gentry v. Superior Court* (2007) 42 Cal.4th 443 [64 Cal.Rptr.3d 773, 165 P.3d 556] (*Gentry*) states that when a plaintiff seeks damages for an

employer's alleged violations of statutes requiring overtime pay, and requests a class action even though the arbitration agreement waived class arbitration, the trial court must consider four factors: the modest size of potential individual recovery, the potential for retaliation against class members, the fact that absent class members may not be informed about their rights, and the existence of other obstacles to the vindication of class members' rights to overtime pay through individual arbitration. *Gentry* holds that if the trial court concludes, based on these factors, that a class arbitration is likely to be a significantly more effective practical means of vindicating the employees' rights than individual litigation or arbitration, and finds that disallowance of the class action would likely lead to a less comprehensive enforcement of overtime laws for employees affected by the employer's violations, the trial court must invalidate the class arbitration waiver. (*Id.* at p. 463.)

*AT&T Mobility LLC v. Concepcion, supra*, 563 U.S. ___ [131 S.Ct. 1740], however, overruled *Discover Bank* and held that class arbitration created by the *Discover Bank* rule, instead of being consensual, was inconsistent with the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.). *AT&T Mobility LLC v. Concepcion*, however, did not overrule *Gentry*.

Relying on *Gentry*, Malone contends that an arbitration provision that precludes effective vindication of statutory claims for overtime pay and wage and hour claims is unenforceable if the trial court determines that classwide arbitration would be a significantly more effective way of vindicating employees' rights than individual arbitration. Under *Gentry*, however, Malone was required to establish that the arbitration provision invalidly prohibited arbitration of class claims by making a factual showing of the four factors showing that class arbitration is likely to be a significantly more effective practical means of vindicating employees' rights than individual arbitration. Malone made no evidentiary showing on this issue, and thus there was no substantial evidence of any factual basis that would require a finding that the arbitration agreement limiting arbitration to bilateral arbitration was unenforceable.

■ This petition is governed by *Stolt-Nielsen v. Animalfeeds International Corp.* (2010) 559 U.S. ___ [176 L.Ed.2d 605, 130 S.Ct. 1758] (*Stolt-Nielsen*), which holds that under the FAA, a party may not be compelled to submit to class arbitration unless the arbitration contract provides a basis for concluding that the party agreed to do so. ■ The arbitration provision in this case expressly limited arbitration to the arbitration of disputes between Malone and Kinecta. The arbitration agreement made no reference to, and did not authorize, class arbitration of disputes. Thus the parties did not agree to authorize class arbitration in their arbitration agreement, and the order denying Kinecta's motion to dismiss class claims must be reversed.

We therefore grant the petition, order issuance of a writ of mandate directing the trial court to vacate its order denying Kinecta's motion to dismiss class allegations from the complaint and to enter a new and different order dismissing class action allegations from the complaint.

## II.   FACTUAL AND PROCEDURAL HISTORY

On December 18, 2007, in connection with her employment as a branch manager by Kinecta Federal Credit Union, plaintiff Kim Malone signed a "Comprehensive Agreement Employment At-Will and Arbitration" which contained an arbitration provision.

In relevant part, the arbitration provision stated: "I further agree and acknowledge that [Kinecta] and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context."[1]

On November 2, 2010, Malone, "on behalf of herself and all others similarly situated," filed a class action complaint for damages, injunctive relief, and restitution against Kinecta and Navicert Financial, Inc. The complaint alleged that in violation of California wage and hour laws, Kinecta failed to pay overtime to branch managers and failed to provide them with rest and meal periods. The complaint further alleged that Kinecta failed to pay wages due at termination, failed to comply with itemized employee wage

---

[1] The arbitration provision further stated: "Both the Credit Union and I agree that any claim, dispute, and/or controversy that either I may have against the Credit Union (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or the Credit Union may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Credit Union shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. sec. 1280 et seq., including section 1283.05 and all of the Act's other mandatory and permissive right to discovery). Included within the scope of this Agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation), equitable law, or otherwise, with exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, Employment Development Department claims, or as otherwise required by state or federal law. However, nothing herein shall prevent me from filing and pursuing proceedings before the California Department of Fair Employment and Housing, or the United States Equal Employment Opportunity Commission (although if I choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Agreement). Further, this Agreement shall not prevent either me or the Credit Union from obtaining provisional remedies to the extent permitted by Code of Civil Procedure Section 1281.8 either before the commencement of or during the arbitration process."

statement provisions, and violated the unfair competition law (Bus. & Prof. Code, § 17200 et seq.). The complaint stated that it was a class action pursuant to Code of Civil Procedure section 382 "on behalf of plaintiff and all employees, including but not limited to, branch managers employed by or formerly employed by" Kinecta and its subsidiaries or affiliated companies within California. Malone's complaint sought to represent six classes: a branch manager class, a former branch manager class, a wage statement class, a late pay class, a meal period class, and a rest period class.

On June 30, 2011, Kinecta filed a motion to compel arbitration of Malone's individual claims, for dismissal of the class claims without prejudice, and for dismissal of plaintiff's individual claims or in the alternative for immediate stay of judicial proceedings as to plaintiff's individual claims.

On July 26, 2011, the trial court denied Kinecta's motion to dismiss class claims without prejudice but otherwise granted Kinecta's motion, ordered Kinecta and Malone to arbitrate the entire complaint and all controversies between them in accordance with their agreement to arbitrate, and ordered Kinecta to pay unusual expenses associated with arbitration, including arbitrator fees and room rental. The trial court ordered remaining parts of the case severed and stayed until such arbitration was completed.

On September 22, 2011, Kinecta filed a petition for writ of mandate or prohibition to set aside and vacate that portion of the July 26, 2011, order denying Kinecta's request to dismiss class claims and to order the trial court to enter a new and different order granting Kinecta's request and dismissing class claims without prejudice.[2]

### III. ISSUES

Kinecta's petition claims that:

1. The FAA governs the arbitration agreement and preempts state law disfavoring arbitration agreements; and

2. The trial court erroneously compelled Kinecta to arbitrate class claims when Kinecta never agreed or consented to arbitrate such claims.

[2] Kinecta also filed a second writ petition (B235491) seeking vacation of the trial court's August 1, 2001, order granting Malone's discovery motion to disclose putative class members' private contact information. In the unpublished portion of this opinion, we grant this petition.

## IV.   DISCUSSION

### A.   *Standard of Review*

Although Code of Civil Procedure section 1294, subdivision (a) makes an order denying a petition to compel arbitration appealable, an order granting a motion to compel arbitration is not appealable. An appeal from the latter order lies only from the ultimate judgment confirming the arbitration award. Nonetheless, immediate review of an order granting a motion to compel arbitration may be obtained by a petition for writ of mandate. (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160–161 [53 Cal.Rptr.3d 69].) "[W]rit review of orders compelling arbitration is proper . . . (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive." (*Id.* at p. 160.) "In a mandate proceeding challenging an order compelling arbitration, we decide the issue of enforceability of the arbitration clause de novo." (*Id.* at p. 162.)

### B.   *Malone Has Not Provided Evidence Establishing That the Provision Authorizing Only Bilateral Arbitration Is Unenforceable or That Classwide Arbitration Is Required*

In *Discover Bank v. Superior Court, supra,* 36 Cal.4th 148 (*Discover Bank*), the California Supreme Court addressed the validity of an arbitration agreement between a bank and a credit cardholder which prohibited classwide arbitration. The cardholder alleged that the bank represented to cardholders that it would not assess late payment fees if it received payment by a certain date, but in fact assessed a late payment fee if payment was received after 1:00 p.m. on that date. The plaintiff filed a complaint for damages for this practice, and when the bank successfully moved to compel arbitration, the plaintiff sought to pursue a classwide arbitration. (*Id.* at p. 152.) *Discover Bank* held that when a class action waiver is found "in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then . . . the waiver becomes in practice the exemption of the party 'from responsibility for [its] own fraud, or willful injury to the person or property of another.' [Citation.] Under these circumstances, such waivers are unconscionable under California law and should not be enforced." (*Id.* at pp. 162–163.)

The California Supreme Court granted review in *Gentry* to clarify its holding in *Discover Bank*, which did not address whether a class arbitration waiver would undermine the plaintiff's statutory rights. (*Gentry, supra*, 42 Cal.4th at pp. 452, 455.) In *Gentry*, an employee filed a class action lawsuit against his employer for violations of the Labor Code and Business and Professions Code and for conversion based on the employer's alleged failure to pay overtime compensation. When the employee was hired, he received a packet with the employer's "Associate Issue Resolution Package" and "Dispute Resolution Rules and Procedures" that included an arbitration agreement. That arbitration agreement contained a class arbitration waiver, stating that " '[t]he Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear arbitration as a class action . . . .' " (*Id.* at p. 451.) The trial court held cost-splitting and limitation of remedies provisions substantively unconscionable and severed those provisions from the agreement, but otherwise granted the employer's motion to compel arbitration and ordered the employee to submit to the class action waiver and to arbitrate his claims on an individual basis. (*Id.* at p. 452.)

*Gentry* determined that class action waivers in wage and hour cases and overtime cases would frequently have an exculpatory effect similar to the class action waivers in consumer contracts of adhesion in *Discover Bank*. *Gentry* concluded that enforcement of such class action waivers would "undermine the enforcement of the statutory right to overtime pay." (*Gentry, supra*, 42 Cal.4th at p. 457.) *Gentry* therefore held that "when it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver, the trial court must consider . . . the modest size of the potential individual recovery, the potential for retaliation against members of the class, the fact that absent members of the class may be ill informed about their rights, and other real world obstacles to the vindication of class members' rights to overtime pay through individual arbitration. If it concludes, based on these factors, that a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and finds that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees alleged to be affected by the employer's violations, it must invalidate the class arbitration waiver to ensure that these employees can 'vindicate [their] unwaivable rights in an arbitration forum.' " (*Id.* at p. 463.) Thus based on evidence of the four *Gentry* factors, a trial court can order classwide arbitration despite an express waiver of class arbitration.

In support of its holding, *Gentry* rejected an argument that a rule invalidating class arbitration waivers discriminated against arbitration clauses in violation of the FAA, citing the consideration and rejection of a similar argument in *Discover Bank, supra,* 36 Cal.4th at pages 163–173. (*Gentry, supra,* 42 Cal.4th at p. 465.) *AT&T Mobility LLC v. Concepcion, supra,* 563 U.S. ___ [131 S.Ct. 1740] (*Concepcion*), however, overruled *Discover Bank,* and held that class arbitration created by the *Discover Bank* rule, rather than being consensual, was inconsistent with and preempted by the FAA. (*Concepcion,* at pp. ___, ___ [131 S.Ct. at pp. 1751, 1753].)

In *Concepcion,* the plaintiffs entered into an agreement with AT&T Mobility for the sale and servicing of cellular telephones. The contract provided for arbitration of disputes between the parties, but expressly required individual arbitration and prohibited class or representative arbitration. (*Concepcion, supra,* 563 U.S. at p. ___ [131 S.Ct. at p. 1744].) The plaintiffs purchased AT&T service, which was advertised as including the provision of free phones. Although they were not charged for the phones, the plaintiffs were charged sales tax based on the phones' retail value. The plaintiffs filed a complaint against AT&T in federal district court, where the complaint was consolidated with a putative class action alleging that by charging sales tax on phones it advertised as free, AT&T engaged in fraud and false advertising. The district court denied AT&T's motion to compel arbitration under the contract with the Concepcions, finding that the arbitration provision was unconscionable under *Discover Bank.* The Ninth Circuit affirmed, and the United States Supreme Court granted certiorari to determine whether the FAA prohibited states from conditioning the enforceability of arbitration agreements on the availability of classwide arbitration procedures. (*Concepcion,* at pp. ___–___ [131 S.Ct. at pp. 1744–1745].)

Section 2 of the FAA permits arbitration agreements to be found unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) The grounds for invalidating arbitration agreements include " 'generally applicable contract defenses, such as fraud, duress, or unconscionability.' " (*Concepcion, supra,* 563 U.S. at p. ___ [131 S.Ct. at p. 1746], quoting *Doctor's Associates, Inc. v. Casarotto* (1996) 517 U.S. 681, 687 [134 L.Ed.2d 902, 116 S.Ct. 1652].) As we have seen, *Discover Bank* held that when an arbitration agreement in a consumer contract of adhesion contains a class action waiver, the disputes between the contracting parties involve small amounts of damages, and when it is alleged that the party with superior bargaining power has deliberately cheated numerous consumers of individually small sums of money, the class action waiver acts to exempt the party from responsibility for its own fraud or willful injury to the person or property of another. In these circumstances, *Discover Bank* held that a class action waiver was unconscionable and should

not be enforced. (*Concepcion*, at p. ___ [131 S.Ct. at p. 1746], citing *Discover Bank, supra*, 36 Cal.4th at p. 162.)

*Concepcion*, however, found that "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." (*Concepcion, supra*, 563 U.S. at p. ___ [131 S.Ct. at p. 1748].) It concluded that the *Discover Bank* rule interfered with arbitration in several ways. Class arbitration sacrificed the informality of bilateral arbitration and made arbitration slower, more costly, and more procedurally complex. By aggregating the number of potential claimants into a single proceeding and increasing the size of a potential judgment, classwide arbitration greatly increased the risk to the defendants of a sizable adverse judgment, without an effective means of review. (*Id.* at pp. ___-___ [131 S.Ct. at pp. 1751–1752].) *Concepcion* held that the FAA preempted the *Discover Bank* rule because it was an obstacle to the accomplishment and execution of the purposes and objectives of Congress in enacting the FAA. (*Concepcion*, at p. ___ [131 S.Ct. at p. 1753].)

A question exists about whether *Gentry* survived the overruling of *Discover Bank* in *Concepcion*, but it is not one we need to decide. (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 498 [128 Cal.Rptr.3d 854].) *Gentry* decided a different issue than *Discover Bank*. In contrast to the unconscionability analysis in *Discover Bank*, the rule in *Gentry* concerns "the effect of a class action waiver on unwaivable statutory rights *regardless of unconscionability*." (*Arguelles-Romero v. Superior Court* (2010) 184 Cal.App.4th 825, 836 [109 Cal.Rptr.3d 289] (*Arguelles-Romero*).) Specifically, *Gentry* addresses whether a class arbitration "is a significantly more effective practical means of vindicating unwaivable statutory rights." (*Arguelles-Romero*, at p. 841.) *Discover Bank* and *Gentry* established two different tests of whether to enforce a class arbitration waiver, which should be considered separately. (*Arguelles-Romero*, at pp. 836–837.) Since it has not been expressly abrogated or overruled, *Gentry* appears to remain the binding law in California. (*Brown v. Ralphs Grocery Co.*, at pp. 498, 505.)

Malone argues that the order denying Kinecta's request for dismissal of class claims from the complaint should be affirmed. Relying on *Gentry*, Malone claims that an arbitration agreement that precludes effective vindication of statutory claims for overtime pay and other wage and hour statutory claims is unenforceable if the court determines that classwide arbitration would be a significantly more effective means of vindicating the affected employees' rights than individual arbitration (citing *Gentry, supra*, 42 Cal.4th at p. 463).

Even if *Gentry* has not been overruled, in opposing Kinecta's motion to compel arbitration and to dismiss class claims, Malone had to provide evidence of the four *Gentry* factors. Plaintiff has the burden of establishing that the arbitration provision (here, limiting arbitration to bilateral arbitration) is invalid by making a factual showing of the four *Gentry* factors. (*Brown v. Ralphs Grocery Co., supra*, 197 Cal.App.4th at p. 497.) The record shows that Malone provided no evidence as to any of the four *Gentry* factors required to support a trial court's determination that the arbitration should proceed as a class action arbitration. Thus there is no evidence, and no substantial evidence, that plaintiff had established a factual basis that would require a declaration that the arbitration agreement was unenforceable. (*Ibid.*)

Because there are no grounds to declare the arbitration agreement unenforceable and because the arbitration provision contained no agreement to classwide arbitration, Kinecta argues that *Concepcion* and *Stolt-Nielsen* require reversal of the order denying its request to dismiss class claims from Malone's complaint. We agree.

C.   *The Parties' Arbitration Agreement Did Not Authorize Class Arbitration, and the Order Denying Kinecta's Motion to Dismiss Class Claims Without Prejudice Must Be Reversed*

As we have quoted it, *ante*, the arbitration agreement entered into by the parties provided that they would use binding arbitration to resolve all disputes between Malone and Kinecta arising out of the employment context. The arbitration provision identifies only two parties to the agreement, "I, Kim Malone" and "Kinecta Federal Credit Union and its wholly owned subsidiaries" (referred to elsewhere in the provision as "the Credit Union"). It makes no reference to employee groups or to other employees of Kinecta, and instead refers exclusively to "I," "me," and "my" (designating Malone).

The United States Supreme Court has held that under the FAA, a party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. In *Stolt-Nielsen, supra*, 559 U.S. ___ [130 S.Ct. 1758], an animal feed supplier shipped its products pursuant to a "charter party" contract, which contained an arbitration clause requiring arbitration of disputes arising from the making, performance, or termination of the charter party contract. (*Id.* at pp. ___–___ [130 S.Ct. at pp. 1764–1765].) Like the one Malone signed, the arbitration clause contained no reference to or express waiver of class arbitration. (*Id.* at p. ___ [130 S.Ct. at p. 1766].) The United States Supreme Court granted certiorari to determine whether the FAA permitted the imposition of class

arbitration on parties whose arbitration clause was silent on class arbitration. *Stolt-Nielsen* reversed a judgment allowing class arbitration in this circumstance.

■ Arbitrators derive their powers from the parties' voluntary submission of disputes for resolution in a nonjudicial forum. Under the FAA, a valid arbitration agreement arises from the parties' consent, not coercion, and the primary purpose of the FAA is to ensure that agreements to arbitrate are enforced according to their terms. Arbitration agreements are construed to give effect to the parties' contractual rights and expectations. (*Stolt-Nielsen, supra*, 559 U.S. at pp. ___–___ [130 S.Ct. at pp. 1773–1774].) The parties may agree to limit issues they choose to arbitrate, may agree on rules under which an arbitration will proceed, and "may specify with whom they choose to arbitrate their disputes." (*Id.* at p. ___ [130 S.Ct. at p. 1774], italics omitted.) The FAA does not compel arbitration by any parties not included in the agreement. (*Stolt-Nielsen*, at p. ___ [130 S.Ct. at p. 1774], citing *EEOC v. Waffle House, Inc.* (2002) 534 U.S. 279, 289 [151 L.Ed.2d 755, 122 S.Ct. 754]; see also *Lee v. Southern California University for Professional Studies* (2007) 148 Cal.App.4th 782, 786 [56 Cal.Rptr.3d 134].) Thus arbitration, as a matter of contract between the parties, is a way to resolve only those disputes which the parties have agreed to submit to arbitration. (*Stolt-Nielsen*, at p. ___ [130 S.Ct. at p. 1774], quoting *First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938, 943 [131 L.Ed.2d 985, 115 S.Ct. 1920].) Consequently "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." (*Stolt-Nielsen*, at p. ___ [130 S.Ct. at p. 1775].)

■ *Stolt-Nielsen* determined that an arbitration panel erroneously imposed class arbitration when the parties did not agree to class arbitration. "An implicit agreement to authorize class-action arbitration . . . is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate. This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." (*Stolt-Nielsen, supra*, 559 U.S. at p. ___ [130 S.Ct. at p. 1775].) "[T]he differences between bilateral and class-action arbitration are too great for arbitrators to presume . . . that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings." (*Id.* at p. ___ [130 S.Ct. at p. 1776].)

By denying Kinecta's motion to dismiss class allegations from Malone's complaint, the order compelling arbitration imposed class arbitration even though the arbitration provision was limited to the arbitration of disputes between Malone and Kinecta. Malone cites no evidence that despite the

language of the arbitration provision,[3] the parties agreed to arbitrate disputes of classes of other employees, employee groups, or employee members of classes identified in the complaint. The parties' arbitration agreement authorizes arbitration only of "any claim, dispute, and/or controversy that either *I* may have against the Credit Union (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or the Credit Union may have against *me*, arising from, related to, or having any relationship or connection whatsoever with *my* seeking employment with, employment by, or other association with the Credit Union." (Italics added.) We conclude that the parties did not agree to authorize class arbitration in their arbitration agreement. (*Stolt-Nielsen, supra,* 559 U.S. at p. ___ [130 S.Ct. at p. 1776].) Therefore the order denying Kinecta's motion to dismiss class claims without prejudice must be reversed.

D.–F.[*]


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


## V.  DISPOSITION

The petition in B236084 is granted. Let a peremptory writ of mandate issue directing the Los Angeles County Superior Court to vacate its order denying Kinecta's motion to dismiss class action allegations from the complaint and to enter a new and different order dismissing class action allegations from the complaint.

The petition in B235491 is granted. Let a peremptory writ of mandate issue directing the Los Angeles County Superior Court to vacate its order granting Malone's discovery motion compelling Kinecta to produce putative class members' confidential contact information.

---

[3] Malone argues that by stating that "[a]ll rules of pleading (including the right of demurrer) . . . shall apply and be observed," the arbitration provision incorporates Code of Civil Procedure section 382, which authorizes class actions. This is incorrect, because section 382 is not in the rules of pleading, which are found in part 2, title 6, chapter 1 of the Code of Civil Procedure. "The pleadings are the formal allegations by the parties of their respective claims and defenses, for the judgment of the Court." (Code Civ. Proc., § 420.) "The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints." (*Id.*, § 422.10.) Code of Civil Procedure section 382, by contrast, is found in part 2, title 3, chapter 5 of the Code of Civil Procedure (Code Civ. Proc., § 367 et seq.), which concerns the parties to civil actions. By incorporating the rules of pleadings, the arbitration provision did not authorize and the parties did not agree to class action arbitration pursuant to Code of Civil Procedure section 382.

[*] See footnote, *ante,* page 506.

The order to show cause is discharged. Our previously ordered stay of proceedings in Los Angeles Superior Court Case No. BC448676 is lifted upon issuance of the remittitur. In the interest of justice, the parties shall bear their own costs.

Croskey, Acting P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied May 21, 2012, and on May 1, 2012, the opinion was modified to read as printed above. The petition of real parties in interest for review by the Supreme Court was denied July 11, 2012, S203076. Cantil-Sakauye, C. J., did not participate therein.