Filed 11/26/13  Rivera v. Hilton Worldwide CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PEDRO MEDINA RIVERA, | |
| Plaintiff and Appellant, | G047644 |
| v. | (Super. Ct. No. 30-2012-00571445) |
| HILTON WORLDWIDE, INC., | O P I N I O N |
| Defendant and Respondent. | |

\* \* \*

Appeal from an order of the Superior Court of Orange County, Steven L. Perk, Judge.  Affirmed.

Cohelan Khoury & Singer, Michael D. Singer, Jeff Geraci; Law Offices of Sahag Majarian II and Sahag Majarian II for Plaintiff and Appellant.

Jackson Lewis, Cynthia L. Filla, Sherry L. Swieca, Susan E. Groff and Carmen Ruda for Defendant and Respondent.

\*         \*         \*

Plaintiff Pedro Medina Rivera filed a putative class action against defendant Hilton Worldwide, Inc. alleging six causes of action for underpayment and late payment of wages, and unfair competition (Bus. & Prof. Code, § 17200 et seq.; UCL). Upon defendant's motion, the court ordered plaintiff's individual claims to arbitration and dismissed the class claims without prejudice.

Plaintiff appeals, raising the following issues: 1) the arbitration provision may not be enforced because it is unconscionable; 2) the arbitration agreement applies to class claims; 3) neither the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) nor *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. __ [131 S.Ct. 1740] (*Concepcion*) overrules or preempts California law allowing arbitration of class claims; 4) California law prohibits exclusion of the class claims from arbitration because plaintiff would be unable to enforce his statutory rights; and 5) federal labor laws bar proscription of class claims in the arbitration.

We see no error and affirm the order.

FACTS AND PROCEDURAL HISTORY

In 2012 plaintiff filed his putative class action for underpayment of hourly and overtime wages (Lab. Code[1], §§ 204, 1194; Wage Order 5-2001), failure to properly calculate meal period payments (§ 226.7), failure to provide accurate itemized wage statements (§§ 226, 1174), failure to timely pay wages upon termination (§§ 201-203), and a claim under the UCL based on those alleged violations. Shortly after answering the complaint, defendant filed a motion compelling arbitration of plaintiff's individual claims, dismissing all class claims without prejudice, and dismissing plaintiff's individual

---

[1] All further statutory references are to the Labor Code unless otherwise stated.

claims or, alternatively, staying proceedings on plaintiff's individual claims until arbitration was completed.

Defendant relied on a document entitled "Agreement re At-Will Employment and Arbitration" (boldface & capitalization omitted; Agreement) as the basis of the motion. Plaintiff was defined in the Agreement as Employee, I or me and defendant was defined as Company.

The Agreement provided: "The Company and I further agree and acknowledge that final and binding arbitration shall be the exclusive forum to hear and decide any dispute between the Company and me, except for claims for Workers' Compensation, Unemployment Compensation, claims brought to secure rights granted under the terms of a collective bargaining agreement, or any other claim that is non-arbitrable under applicable state or federal law. . . . Except for the claims carved out above, this Agreement includes all common-law and statutory claims, including, but not limited to, any claims for breach of contract, unpaid wages, wrongful termination, unfair competition, [and several other claims]. . . . I understand that I am giving up no substantive rights, and this Agreement simply governs forum."

Just above plaintiff's signature, the following was set out in boldface and capital letters: "By signing this agreement, the Company and I acknowledge that the right to a court trial and trial by jury is of value, and we knowingly and voluntarily waive such right for any dispute subject to the terms of this agreement."

The court granted the motion and ordered the parties to arbitrate plaintiff's individual claims; the class claims were dismissed without prejudice. In addition plaintiff's individual claims were stayed until completion of the arbitration.

The court ruled plaintiff's individual claims were governed by the FAA and subject to arbitration under *Concepcion*. There is an enforceable arbitration contract, which is neither illusory nor substantively unconscionable. Class arbitration cannot be inferred from the language of the Agreement. Nor did plaintiff sufficiently show

3

arbitration would not be a suitable forum to vindicate his statutory rights under the Labor Code. Finally, the National Labor Relations Act (29 U.S.C. § 151 et seq.; NLRA) does not govern the Agreement.

Additional facts are set out in the discussion

DISCUSSION

*1. Applicability of the FAA*

The trial court found the FAA governed the Agreement. The FAA applies to arbitration provisions in contracts "evidencing a transaction involving commerce." (9 U.S.C. § 2; see *Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. __ , __ [130 S.Ct. 2772, 2776].) The commercial transaction need only indirectly affect or relate to interstate commerce. (See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967) 388 U.S. 395, 401-402, fn. 7.) Defendant has the burden to show the FAA applies (*Shepard v. Edward Mackay Enterprises, Inc.* (2007) 148 Cal.App.4th 1092, 1101) and met its burden in a declaration submitted in support of the motion to compel arbitration. The declaration states defendant operates hotels throughout the United States and is involved in interstate commerce daily. (*Thorup v. Dean Witter Reynolds, Inc.* (1986) 180 Cal.App.3d 228, 233 [employment contract between brokerage firm and account executive "indisputabl[y]" involves interstate commerce and governed by FAA].)

In his opening brief plaintiff does not challenge the trial court's finding. Rather, he assumes the applicability of the FAA in making other arguments. It was not until the reply brief that plaintiff argues the FAA does not govern the Agreement. This claim has no merit.

Relying on the language of the Agreement, plaintiff maintains there is scant reference to the FAA, the Agreement excludes claims not arbitrable under state or federal law, and highlights a term providing arbitration is to be conducted according to the

4

California Arbitration Act. But parties to an arbitration agreement subject to the FAA are free to agree to use California procedural law. (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 383, 384-385.) In that circumstance, there is no conflict between the two statutory schemes. (*Id*. at pp. 389-390.)

*2. Unconscionability*

Plaintiff contends the Agreement may not be enforced because it is unconscionable. To invalidate an arbitration agreement, it must be both procedurally and substantively unconscionable. (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1533.) "The procedural element focuses on the unequal bargaining positions and hidden terms common in the context of adhesion contracts. [Citation.] . . . [T]he substantive element . . . traditionally involves contract terms that are so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms. [Citation.]" (*24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1213.) The two types of unconscionability need not be equally present. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114, italics omitted.)

Plaintiff argues the Agreement was substantively unconscionable. First, he contends that because defendant can unilaterally modify the Agreement it is an illusory contract. Plaintiff recognizes the Agreement provides it may be "modified only by a writing signed by the Chief Executive Officer or the President of the Company and me" but points out defendant has the right to unilaterally change employment terms. We agree with the general proposition an employer has such a right.

"The at-will presumption authorizing an employer to discharge or demote an employee similarly and necessarily authorizes an employer to unilaterally alter the terms of employment, provided that the alteration does not violate a statute or breach an

5

implied or express contractual agreement. [Citations.] An 'employee who continues in the employ of the employer after the employer has given notice of changed terms or conditions of employment has accepted the changed terms and conditions.' [Citation.]" (*Schachter v. Citigroup, Inc*. (2009) 47 Cal.4th 610, 619-620.)

Plaintiff posits that defendant can revise its arbitration agreement at any time and if plaintiff continues working he has accepted its terms. He states he "cannot leave [his] employment." This results, he claims, in a unilateral agreement that is illusory and thus substantively unconscionable and unenforceable.

A similar argument was considered and rejected in *24 Hour Fitness, Inc. v. Superior Court.* It held the employer's power to revise a personnel handbook containing an arbitration provision "indisputably carrie[d] with it the duty to exercise that right fairly and in good faith. [Citation.]" (*24 Hour Fitness, Inc. v. Superior Court, supra*, 66 Cal.App.4th at p. 1214.) That duty binds defendant here as well. And, as *in 24 Hour Fitness*, there is no claim defendant attempted to modify the arbitration provision to make it unilateral. (*Ibid*., fn. 11.) "So construed, the modification provision does not render the contract illusory." (*Id*. at p. 1214; see also *Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 61 [duty of good faith and fair dealing protects employee's "reasonable expectations under the [arbitration] agreement"].)

Plaintiff's second reason the Agreement is substantively unconscionable is based on the attorney fee provision. It states attorney fees shall be awarded to the prevailing party if "the law applicable to the claim(s) being arbitrated" allows them. Plaintiff asserts his claims do not allow an award of attorney fees to the prevailing party but only to the prevailing employee. (§§ 226, subds. (e) & (g), 1194.) He maintains the Agreement "appears to exclude the recovery of attorney[] fees under these types of 'one-way' attorney[] fees statutes." Not so. The language of the Agreement limits the award of attorney fees to those permitted under applicable law. If the statute does not allow a prevailing employer to recover attorney fees, the Agreement does not allow it either.

6

Because the Agreement is not substantively unconscionable, it matters not whether it is procedurally unconscionability (*Stirlen v. Supercuts, Inc., supra,* 51 Cal.App.4th at p. 1533) and we need not and do not analyze that element.

## 3. Arbitration of Individual Claims

Plaintiff argues that if the Agreement is enforceable, arbitration must include the class claims. The Agreement contains no language providing for class action arbitration and we are not persuaded by plaintiff's arguments class arbitration is authorized.

### a. Class Claims in General

In *Stolt-Nielsen S.A. v. Animalfeeds International* (2010) 559 U.S. 662 (*Stolt-Nielsen*) the court considered the issue of "whether the parties *agreed to authorize* class arbitration." (*Id*. at p. 687.) The arbitration agreement in question was silent as to class arbitration and the parties had stipulated they had not agreed to such a procedure. Nevertheless the arbitrators decided class arbitration was permitted under the agreement. When the case finally went to the Supreme Court, it invalidated that decision and in doing so laid out some basic principles governing the interpretation of arbitration agreements vis-à-vis class actions, making it the generally authoritative case on this issue.

Under the FAA a party may not be forced to engage in class arbitration unless the agreement shows the party agreed to do so. (*Stolt-Nielsen, supra*, 559 U.S. at p. 684.) An arbitration agreement must be construed to "'give effect to the contractual rights and expectations of the parties.' [Citation.]" (*Id.* at p. 682.) "An implicit agreement to authorize class-action arbitration . . . is not a term that . . . may [be] infer[red] solely from the fact of the parties' agreement to arbitrate. . . . [C]lass-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator."

7

(*Id*. at p. 685.) "[T]he differences between bilateral and class-action arbitration are too great for arbitrators [or courts] to presume . . . that the parties' mere silence on the issue of class-action arbitrations constitutes consent to resolve their disputes in class proceedings." (*Id.* at p. 687, fn. omitted.)

*Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506 (*Kinecta*) is in accord. In *Kinecta* the court held the plaintiff-employer could not be compelled to arbitrate class claims because it had never agreed to do so. The plaintiff and one of its employees signed an employment agreement containing an arbitration provision. Although the provision did not expressly waive class arbitration, the language referred only to the employee and did not mention any other employees. The trial court granted Kinecta's motion to compel arbitration of her individual wage and hour claims but denied its motion to dismiss the class claims.

On appeal, citing *Stolt-Nielsen*, the court reversed the trial court's ruling denying dismissal of the class claims (*Kinecta, supra*, 205 Cal.App.4th at p. 519), reasoning that the language of the arbitration provision limited arbitration to the individual parties (*id*. at pp. 509, 517-518).

*Stolt-Nielsen* specifically did not "decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration." (*Stolt-Nielsen, supra*, 559 U.S. at p. 687, fn. 10.) Rather, we must rely on traditional principles of contract interpretation. (*Id*. at p. 681 ["interpretation of an arbitration agreement is generally a matter of state law"].)

"'The fundamental rule is that interpretation of . . . any contract . . . is governed by the mutual intent of the parties at the time they form the contract. [Citation.] The parties' intent is found, if possible, solely in the contract's written provisions. [Citation.] "The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation."

8

[Citation.] If a layperson would give the contract language an unambiguous meaning, we apply that meaning.' [Citations.]" (*Nelsen v. Legacy Partners Residential, Inc*. (2012) 207 Cal.App.4th 1115, 1129 (*Nelsen*).)

The Agreement here is not susceptible to an interpretation a class action was authorized or agreed upon. There is no explicit mention of class arbitration. Moreover, the language does not lend itself to a construction authorizing class arbitration. The Agreement states: "The Company and *I* . . . agree and acknowledge that final and binding arbitration shall be the exclusive forum to hear and decide any dispute between the Company and *me*. . . . Thus, the Company agrees to bring any claim it may wish to assert against *me* only through arbitration, and *I* agree to bring any claim *I* may wish to assert against the Company only through arbitration. . . . [¶] . . . [¶] This Agreement may be modified only by a writing signed by the Chief Executive Officer or the President of the Company and *me* . . . ." (Italics added.) It also provides, "By signing this agreement, the Company and *I* acknowledge that the right to a court trial and trial by jury is of value, and *we* knowingly and voluntarily waive such right for any dispute subject to the terms of this agreement." (Italics added, boldface & capitalization omitted.)

The Agreement demonstrates arbitration was limited to disputes between plaintiff and defendant. (See *Kinecta, supra*, 205 Cal.App.4th at p. 519 [similar language sufficient to support order dismissing class claims]; see also *Nelsen, supra,* 207 Cal.App.4th at pp. 1129-1130 [language in arbitration agreement "only covers claims, disputes, and controversies 'between myself (the plaintiff) and [the defendant]'" and "unambiguously negates any intention by [the defendant] to arbitrate claims or disputes to which [the plaintiff] was not a party"].)

Plaintiff argues class arbitration is implied by the fact defendant, who is far more sophisticated, drafted the Agreement and has "sole responsibility" for that, did not include a specific waiver. But, while it certainly would have been clearer had there been specific language barring class arbitration, that defendant drafted an agreement without

9

such precise language does not mean class arbitration can be implied based on the existing language that restricts arbitrations to claims between the parties.

Nor does the fact the Agreement provides arbitration will be conducted "in conformity with" the Federal Rules of Civil Procedure (FRCP) and Federal Rules of Evidence (FRE). Plaintiff seizes on FRCP Rule 23, which deals with class actions, claiming that if defendant did not want to include class actions it could have excluded that rule. But there are other rules in both the FRCP and FRE that would have no bearing on an arbitration, including, for example, FRCP rules 16 (pretrial conferences), 56 (summary judgment), 65 (temporary restraining orders and preliminary injunctions), and 73 (trial by a magistrate judge) and FRE rules 410 (inadmissibility of certain pleas in criminal cases), 412 (prohibited evidence in criminal cases), 413 (admissible evidence in criminal sexual assault cases, 314 (admissible evidence in child molestation cases), and the like.

There is no reason to require an arbitration agreement to specifically exclude all rules that might not apply in a given instance. It is clear from the Agreement's language that reference to the FRCP and FRE provides a framework for the authorized arbitration and does not expand on or add to the language in the Agreement itself. Plaintiff's argument he expected to be able to arbitrate class claims due to reference to the FRCP is directly contrary to his declaration where he stated he did not realize he had even signed the Agreement or remember "being told anything about arbitration."

### b. FAA and Preemption of Substantive Claims

Plaintiff emphasizes the FAA does not require a party to give up substantive rights by agreeing to arbitration. We do not disagree with that general rule. But plaintiff can litigate his individual substantive rights in the arbitration.

10

Plaintiff relies heavily on *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*) to support his argument the class claims must be arbitrated. In *Gentry*, the plaintiff filed a putative class action against his employer for alleged wage and hour violations, some of which were based on Labor Code sections protecting unwaivable rights. Although the arbitration agreement between the plaintiff and the employer expressly waived the right to a class action, our Supreme Court held that waiver unenforceable. (*Id.* at p. 457.) It concluded that "when it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver, the trial court must consider [four] factors . . . ." (*Id.* at pp. 462-463.) If these four factors are shown and the court determines on that basis that class arbitration is "likely to be a significantly more effective practical means of vindicating the rights of affected employees than individual litigation or arbitration," and the applicable statutes would be "less comprehensive[ly] enforce[d]" if a class action was not allowed, then the class arbitration waiver must be voided. (*Id.* at p. 463.)

It is an open question as to whether *Gentry* remains good law after *Concepcion,* which overruled *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148. *Discover Bank* concluded that class action arbitration waivers in most consumer adhesion contracts are unconscionable and therefore unenforceable. (*Id.* at pp. 162-163.) *Concepcion* held the rule in *Discover Bank* was preempted by the FAA because "it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . . .'" (*Concepcion, supra*, 563 U.S. at p. __ [131 S.Ct. at p. 1753].) A state "cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons" (*ibid.*), nor can it "prohibit[] outright the arbitration of a particular type of claim" (*id.* at p. __, [131 S.Ct. at p. 1747).

Although *Gentry* was based on principles similar to those in *Discover Bank*, *Concepcion* did not address it. Thus, cases are split as to whether *Gentry* remains viable.

11

(Compare e.g., *Kinecta*, *supra*, 205 Cal.App.4th at p. 516 ["*Gentry appears* to remain the binding law in California" despite *Concepcion*; dicta; italics added; *Truly Nolen v. Superior Court, supra,* 208 Cal.App.4th 487 [although *Concepcion* "implicitly disapproved" *Gentry*, court will not "disregard" decision without "specific guidance" from California Supreme Court] with, e.g., *Morvant v. P.F. Chang's China Bistro, Inc.* (N.D.Cal. 2012) 870 F.Supp.2d 831, 840-841 [no distinction between *Discover Bank* and *Gentry* and class action waiver must be enforced under *Concepcion*].) The California Supreme Court is considering this issue in *Iskanian v. CLS Transportation of Los Angeles*, LLC (2012) 206 Cal.App.4th 949 (*Iskanian*), review granted September 19, 2012, S204032. But we need not decide this question because even if the case remains good law, plaintiff has not satisfied his burden under *Gentry*.

To invalidate an express waiver of the right to file a class action, or, in this case, to read the right to arbitrate a class action into the Agreement, plaintiff has the burden to provide sufficient facts (*Gentry, supra,* 42 Cal.4th at p. 463) to show: (1) "the modest size of the potential individual recovery"; (2) "the potential for retaliation against members of the class"; (3) "the fact that absent members of the class may be ill informed about their rights"; and (4) "other real world obstacles to the vindication of class members' rights to [timely payment of wages upon termination] through individual arbitration" (*ibid.*). In deciding whether plaintiff has met the burden, the court has broad discretion. (*Id*. at pp. 463-464.)

Early in the hearing on the motion the court stated it had not considered the *Gentry* factors, relying on *Iskanian*, which held the FAA preempted state law that invalidated class action waivers in wage and hour arbitrations. But when plaintiff's counsel pressed the court on the issue, the court allowed him to argue the *Gentry* elements. Counsel did not, however, refer to evidence set out in the declarations he had filed and that are discussed below. Although the court did not set out a *Gentry* analysis in the ruling, the minute order states there had not been a sufficient showing that individual

arbitration would be an inadequate forum to fulfill the public policy of ensuring proper payment of wages, which is the underlying rationale of *Gentry*.

In an attempt to satisfy the *Gentry* burden, in addition to his own declaration and those of two of his lawyers, plaintiff relied heavily on the declarations of four attorneys who have not appeared in this case. He acknowledges in his brief that the declarations were not specific to this case, instead prepared for another matter, but asserts they "supported[] and expanded on" evidence set out in the declaration of his lawyer.

Defendant objected to the declarations on a variety of grounds, including relevance, both because *Concepcion* overruled *Gentry* and because the declarations were filed in a different case with different facts. Other objections included lack of foundation and personal knowledge, vague and ambiguous, speculative, argumentative, and calling for a legal conclusion. The court sustained all of the objections to the four declarations without explanation.

Plaintiff argues the objection based on *Concepcion* is "incorrect" because the California Supreme Court is considering that very issue in *Iskanian.* But he fails to address any of the other grounds raised by defendant, merely claiming the declarations "should have been considered." (Capitalization & boldface omitted.) Nor does he cite any authority for his claim. This is an insufficient argument and the issue is forfeited. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

The evidence in the remaining declarations is not sufficient to meet the *Gentry* test. For example, plaintiff did not show other class members may be unaware of their rights. He stated he himself was ill-informed but supplied no evidence, other than statements in the excluded declarations, about putative class members. His argument they are "typically ill-informed about their rights" is insufficient. "Assuming the *Gentry* standard survives the United States Supreme Court holdings [in *Concepcion* and *Stolt-Nielsen*], the factual analysis as to whether the *Gentry* factors apply in any particular case must be specific, individualized, and precise." (*Truly Nolen of America v. Superior*

13

*Court* (2012) 208 Cal.App.4th 487, 511.) Thus, *Gentry* does not require class arbitration. We have no need to remand the matter back to the trial court to make this determination.

*4. Federal Labor Laws*

Citing *D.R. Horton* (2012) 357 NLRB No. 184 [2012 WL 36274], plaintiff claims dismissal of his class action claims violates substantive rights under both the NLRA and the Norris-LaGuardia Act (29 U.S.C. § 101 et seq.; NGLA). In *Horton*, the National Labor Relations Board (Board) held an arbitration provision in an employment agreement requiring individual arbitration and barring class claims as to wage, hour and working condition complaints violated the NLRB. (*D.R. Horton, supra*, 2012 WL at p. *1.) The Board reasoned this type of provision violated employees' substantive rights found in section 7 of the NLRA to "engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection." (*Id*. at p. *2; 29 U.S.C. §§ 102, 103, 157.) The Board also decided the strong public policy in the NLRA to ensure employees have the right to collectively act overrode the FAA and *Concepcion*. (*Horton, supra*, 2012 WL at pp. *15, *16.)

Plaintiff argues *Horton* requires class arbitration. *Nelsen, supra*, 207 Cal.App.4th 1115 rejected a similar argument for several reasons. First, federal administrative decisions do not bind us. (*Id*. at p. 1133.) Second, the decision "falls well outside the Board's core expertise in collective bargaining and unfair labor practices." (*Id*. at p. 1134.) And, third, at least two federal district courts (and now several more) had declined to follow *Horton*. (E.g., *Jasso v. Money Mart Express, Inc.* (N.D.Cal. 2012) 879 F.Supp.2d 1038, 1048-1049; *LaVoice v. UBS Financial Services, Inc.* (S.D.N.Y., Dec. 3, 2012, No. CIV. 238 (BSJ) (JLC)) 2012 WL 124590, p. *6.) (*Nelsen, supra*, 207 Cal.App.4th at p. 1134; see also *Truly Nolen of America v. Superior Court, supra*, 208 Cal.App.4th at pp. 514-515 [declined to follow because "*Horton*'s analysis is unsupported"].) We find these reasons persuasive and reject this argument as well.

14

*5. Miscellaneous*

If there are any other arguments on which plaintiff is relying, they are forfeited for lack of a discrete section of the brief with its own heading (Cal. Rules of Court, rule 8.204(a)(1)(B)) and supporting citations and reasoned legal argument (*Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 160).

DISPOSITION

The order is affirmed.  Defendant is entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

15