Filed 11/15/13  Whalley v. Wet Seal CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAUREN WHALLEY et al., | |
| Plaintiffs and Appellants, | G047406 |
| v. | (Super. Ct. No. 30-2012-00563123) |
| THE WET SEAL, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Gail Andrea Andler, Judge.  Order affirmed in part and reversed in part and remanded.  Motion for judicial notice.  Denied.

Law Offices of Sima Fard and Sima Fard for Plaintiffs and Appellants.

Sheppard, Mullin, Richter & Hamilton, Ryan D. McCortney and Jason M. Guyser for Defendants and Respondents.

\*          \*          \*

Plaintiffs Lauren Whalley and Marysol Rosales filed a putative class action for the alleged failure by defendants The Wet Seal, Inc. and The Wet Seal Retail, Inc. to timely pay wages upon termination of employment, alleging violations of Labor Code sections 201 and 202, unfair competition (Bus. & Prof Code, § 17200 et seq.; UCL) and, by Rosales in a representative capacity, for civil penalties under the California Private Attorney General Act (Lab. Code, § 2699 et seq.; PAGA). Upon motion by defendants, the court ordered plaintiffs to arbitrate their individual claims and ruled their class and representative claims were barred.

On appeal plaintiffs raise five issues,[1] i.e., defendants waived their right to compel arbitration, Rosales's arbitration agreement is unenforceable for lack of mutuality, the class claims are not barred because the agreements contained an implied agreement to arbitrate them, if the order compelling arbitration is affirmed, it must be on a classwide or representative basis, and the claim for injunctive relief for unfair competition cannot be arbitrated.

We conclude the PAGA cause of action cannot be arbitrated individually or arbitrated in a representative capacity and reverse that part of the order. The remainder of the order is affirmed.

---

[1] In their summary of the issues presented, plaintiffs raised another issue, their right to discovery regarding formation and interpretation of the arbitration agreement. But plaintiffs failed to set out this issue under a discrete heading or supply reasoned legal argument and supporting authority. Therefore the claim is forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 165.) The same defects plague the argument regarding lack of mutuality of Rosales's agreement, but because defendants discussed it on the merits instead of merely challenging the procedural defects, plaintiffs had the right to and did respond to it in the reply brief and we address the issue.

## FACTS AND PROCEDURAL HISTORY

In May 2011 Whalley filed a putative class action in Alameda Superior Court, alleging defendants violated the Labor Code by failing to pay wages due employees upon termination of their employment. She included an additional cause of action for violation of the UCL. Defendants answered the complaint, asserting as one of their 39 affirmative defenses that the action should be stayed because there was an agreement requiring the parties to arbitrate the dispute. Defendants also filed a petition to coordinate the case with another wage and hour case pending against them in Orange County Superior Court. The petition was denied.

Less than a week after the petition for coordination was denied and four months after the complaint was filed, defendants filed a motion to compel Whalley's claims to arbitration. Defendants relied on an arbitration agreement signed by Whalley that states she and defendants agreed to arbitrate disputes and specifically agreed "any dispute arising out of or in any way related to your employment with the [defendants], or its termination, shall be decided exclusively by final and binding arbitration . . . ."

Before the court ruled on the motion, Whalley was granted leave to file an amended complaint, which contained the original two causes of action and added plaintiff Rosales and her PAGA cause of action.

Once Rosales was added as a plaintiff, defendants were allowed to file a supplemental motion to compel her to arbitrate her claims. The basis for this claim was Rosales's employment application, the final paragraph of which stated, "If I am hired, in consideration for my employment . . ., any dispute arising out of or in any way related to my employment, or its termination, including, but . . . not limited to, claims for wages or other compensation due or penalties, breach of contract, violation of statute, violation of common law or unlawful discrimination or harassment arising under any local, state or federal law, shall be decided exclusively by final and binding arbitration . . . ." Rosales initialed this provision, which was directly above her signature on the application.

During this time, and before the court ruled on the motion to compel arbitration, plaintiffs filed a motion to transfer venue to Orange County, which was granted. Once the case was transferred, defendants filed a new motion to compel plaintiffs to arbitrate their individual causes of action and to dismiss the class and representative claims. Defendants relied on the same arbitration provisions as set out above and also argued the court should dismiss the class claims because the parties never agreed to arbitrate representative or class disputes.

The court granted defendants' motion and ordered the parties to arbitrate plaintiffs' individual claims; the class and representative claims were barred. The court stayed the remainder of the action. It held the arbitration agreements executed by the plaintiffs were enforceable. It further ruled arbitration of class claims under Whalley's agreement was barred since the agreement did not provide for it. In addition, as to Rosales's PAGA cause of action, the court found there is no right to bring a claim as a representative under the PAGA and such right could be waived.

**MOTION FOR JUDICIAL NOTICE**

Plaintiffs request we take judicial notice of documents filed in *Elizabeth Montano v. The Wet Seal Retail, Inc.*, Los Angeles Superior Court Case No. BC472230 and The Wet Seal's opening brief in its appeal of an order in that case. A motion for judicial notice must include a statement as to why the subject matter of the motion is relevant. (Cal. Rules of Court, rule 8.252(a)(2).) Plaintiffs failed to do so in the motion.

In their reply brief plaintiffs appear to lay out the basis for their claim as to the relevance of the documents that are the subject of the motion. They assert *Montano* is a putative class action matter involving claims under the Labor Code and an arbitration provision. Plaintiffs claim *Montano* is a related case defendants should have disclosed. This does not comport with court rules.

But even were we to consider this claim, it is not sufficient. The mere fact the two cases might share the same subject matter does not make *Montano* relevant to the

4

instant case. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1 [no judicial notice of irrelevant documents].)

And even were we to take judicial notice of the documents, we may not take judicial notice of the truth of their contents. (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1055 ["court may take judicial notice that pleadings were filed containing certain allegations and arguments [citation], but a court may not take judicial notice of the truth of the facts alleged"].)

Because we decline to take judicial notice, we do not consider any of plaintiffs' arguments on this issue or with respect to these documents as set out in the reply brief. To the extent the arguments on this issue are based on documents included in the record, we do not consider them because they were not raised in the opening brief. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388.)

## DISCUSSION

*A. Waiver*

Plaintiffs assert defendants waived their right to arbitrate and dismiss representative and class claims because they "heavily" litigated the action for a year before filing the motion, took a contrary position when they moved to compel arbitration of "the entire case," and did not file the motion to compel within 30 days.

Plaintiffs failed to make this argument in the trial court. A party may not raise an argument for the first time on appeal. (*Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767.) This claim does not fall within the exception allowing pure questions of law to be raised without first preserving them in the trial court. (*Ibid*.) Whether a party has waived the right to compel arbitration is generally a question of fact reserved for the trial court, whose decision we review for substantial evidence. (*Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196.) The parties' disagreements in their briefs on this issue demonstrate it is not a question of law. Thus, this issue is forfeited.

*B. Mutuality of Rosales's Arbitration Agreement*

In the opening brief, plaintiffs list as an issue whether the arbitration provision in Rosales's employment application is unenforceable because "substantially [*sic*] unconscionable for lack of mutuality" and argue the court should have a stayed a decision on this issue until the Supreme Court decided *Wisdom v. AccentCare* (2012) 202 Cal.App.4th 591, review granted March 28, 2012, S200128, review dismissed July 24, 2013. In *Wisdom*, in addition to finding an arbitration provision in an employment application was procedurally unconscionable, the court held it was substantively unconscionable because of the lack of mutuality. To invalidate an arbitration provision based on unconscionability, there must be a finding it is both substantively and procedurally unconscionable. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114.)

In their brief defendants did not rely on *Wisdom* but argued there was no lack of mutuality, citing *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462 in support. In response, plaintiffs sought to distinguish *Roman* and also relied on *Wisdom,* despite acknowledging review had been granted.[2] This was the extent of their argument. They did not develop reasoned legal argument Rosales's arbitration provision was unconscionable. This is consistent with their lack of argument in the opening brief. Failure to do so forfeits this argument on appeal. (*Evans v. CenterStone Development Co., supra,* 134 Cal.App.4th at p. 165.)

*C. Class and Representative Claims*

Plaintiffs contend the court erred in ruling class arbitration is barred. The question is whether either of the arbitration provisions allow class arbitration and whether Rosales's agreement allows for representative claims. We conclude the arbitration

---

[2] A case may not be cited as authority once review has been granted. (*Witte v. Kaufman* (2006) 141 Cal.App.4th 1201, 1208.)

provisions do not contain either an explicit or implicit agreement to arbitrate on a classwide or representative basis, nor may such a provision be read into them.

### 1. Class Claims

In *Stolt-Nielsen S.A. v. Animalfeeds International Corp.* (2010) 559 U.S. 662 (*Stolt-Nielsen*) the court considered the issue of "whether the parties *agreed to authorize* class arbitration." (*Id*. at p. 687.) The arbitration agreement in question was silent as to class arbitration and the parties had stipulated they had not agreed to such a procedure. Nevertheless the arbitrators decided class arbitration was permitted under the agreement. When the case finally came to the Supreme Court, it invalidated that decision and in doing so laid out some basic principles governing the interpretation of arbitration agreements vis-à-vis class actions, making it the generally authoritative case on this issue.

Under the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) a party may not be forced to engage in class arbitration unless the agreement shows the party agreed to do so. (*Stolt-Nielsen, supra*, 559 U.S. at p. 684.) An arbitration agreement must be construed to "'give effect to the contractual rights and expectations of the parties.' [Citation.]" (*Id.* at p. 682.) "An implicit agreement to authorize class-action arbitration . . . is not a term that . . . may [be] infer[red] solely from the fact of the parties' agreement to arbitrate. . . . [C]lass-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." (*Id.* at p. 685.) "[T]he differences between bilateral and class-action arbitrations are too great for arbitrators [or courts] to presume . . . that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings." (*Id.* at p. 687, fn. omitted.)

*Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506 (*Kinecta*) is in accord. In *Kinecta* the court held the plaintiff-employer could not be compelled to arbitrate class claims because it had never agreed to do so.

The plaintiff and one of its employees signed an employment agreement containing an arbitration provision. Although the provision did not expressly waive class arbitration, the language referred only to the employee and did not mention any other employees. The trial court granted Kinecta's motion to compel arbitration of her individual wage and hour claims but denied its motion to dismiss the class claims.

On appeal, citing *Stolt-Nielsen*, the court reversed the trial court's ruling denying dismissal of the class claims (*Kinecta, supra*, 205 Cal.App.4th at p. 519), reasoning the language of the arbitration provision limited arbitration to the individual parties (*id*. at pp. 509, 517-518).

*Stolt-Nielsen* specifically did not "decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration." (*Stolt-Nielsen, supra*, 559 U.S. at p. 687, fn. 10.) Rather, we must rely on traditional principles of contract interpretation. (*Id*. at p. 681 ["interpretation of an arbitration agreement is generally a matter of state law"].)

"'The fundamental rule is that interpretation of . . . any contract . . . is governed by the mutual intent of the parties at the time they form the contract. [Citation.] The parties' intent is found, if possible, solely in the contract's written provisions. [Citation.] "The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation." [Citation.] If a layperson would give the contract language an unambiguous meaning, we apply that meaning.' [Citations.]" (*Nelsen v. Legacy Partners Residential, Inc*. (2012) 207 Cal.App.4th 1115, 1129.)

The arbitration provisions under review are not susceptible to an interpretation class actions were authorized or agreed upon. There is no explicit mention of class arbitration. Moreover, the language does not lend itself to a construction authorizing class arbitration.

8

In Whalley's arbitration agreement she is identified as "You" and defendants are identified as the "Company." The agreement provides "*you* and the Company mutually agree to arbitrate disputes under the terms and conditions set forth herein"; applies to "any dispute arising out of or in any way related to *your* employment"; applies to disputes "*you* may have with the Company"; "shall remain in full force and effect, notwithstanding any change in *your* position, title or any other term condition of *your* employment with the Company"; "constitutes and contains the entire agreement between *you* and the Company with respect to arbitration and the resolution of disputes"; and "*you* and the Company . . . by this agreement, give up [the right to a jury trial] and agree to resolve by arbitration any and all disputes . . . related to *your* employment . . . ." (Italics added; capitalization omitted.)

The arbitration provision in Rosales's employment application contains similar language: "If I am hired, in consideration for my employment . . ., any dispute arising out of or in any way related to *my* employment, or its termination, including, but . . . not limited to, claims for wages or other compensation due or penalties, breach of contract, violation of statute, violation of common law or unlawful discrimination or harassment arising under any local, state or federal law, shall be decided exclusively by final and binding arbitration, in the County where *I* am last employed. . . . This agreement to arbitrate shall remain in full force and effect, notwithstanding any change in *my* position, title or any other term or condition of *my* employment with the Company." (Italics added.)

Both agreements demonstrate arbitration was limited to disputes between plaintiffs and defendants. (See *Kinecta, supra*, 205 Cal.App.4th at p. 519 [similar language sufficient to support order dismissing class claims]; see also *Nelsen v. Legacy Partners Residential, Inc., supra,* 207 Cal.App.4th at pp. 1129-1130, fn. omitted [language in arbitration agreement "only covers claims, disputes, and controversies 'between myself (the plaintiff) and Legacy Partners'" and "unambiguously negates any

9

intention by [the defendant] to arbitrate claims or disputes to which [the plaintiff] was not a party"].)

Plaintiffs maintain the broad language that requires "any dispute" to be arbitrated encompasses class arbitration. This argument was rejected in *Kinecta*. The agreement in that case referred to "'any claim, dispute, and/or controversy.'" (*Kinecta, supra*, 205 Cal.App.4th at p. 511, fn. 1.) But the court focused, as must we, on the language restricting the arbitration to disputes between the two parties to the agreement. (*Id*. at p. 517.)

Likewise the provision in Whalley's agreement allowing the arbitrator to award "any form of remedy or relief . . . that would otherwise be available in court" is of no avail. A class action is neither a remedy nor relief; it is a procedure. Finally, plaintiffs mischaracterize Whalley's agreement as specifically excluding certain claims, arguing class claims are not listed. We have found no such exclusions in the agreement.

Alternatively, plaintiffs contend the arbitration agreement must be analyzed according to *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*). In *Gentry*, the plaintiff filed a putative class action against his employer for alleged wage and hour violations, some of which were based on Labor Code sections protecting unwaivable rights. Although the arbitration agreement between the plaintiff and the employer expressly waived the right to a class action, our Supreme Court held that waiver unenforceable. (*Id*. at p. 457.) It concluded that "when it is alleged that an employer has systematically denied proper overtime pay to a class of employees and a class action is requested notwithstanding an arbitration agreement that contains a class arbitration waiver, the trial court must consider [four] factors . . . ." (*Id*. at p. 463.) If these four factors are shown and the court determines on that basis class arbitration is "likely to be a significantly more effective practical means of vindicating the rights of affected employees than individual litigation or arbitration," and the applicable statutes would be

10

"less comprehensive[ly] enforce[d]" if a class action was not allowed, then the class arbitration waiver must be voided.  (*Ibid*.)

It is an open question as to whether *Gentry* remains good law after *AT&T Mobility v. Concepcion LLC* (2011) __U.S. __ [131 S.Ct. 1740] (*Concepcion*), which overruled *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148.  *Discover Bank* concluded class action arbitration waivers in most consumer adhesion contracts are unconscionable and therefore unenforceable.  (*Id.* at pp. 162-163.)  *Concepcion* held the rule in *Discover Bank* was preempted by the FAA "[b]ecause it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress . . . .'" (*Concepcion, supra*, __U.S. at p. __ [131 S.Ct. at p. 1753].)  A state "cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons" (*ibid*.) nor can it "prohibit[] outright the arbitration of a particular type of claim" (*id.* at p. __ [131 S.Ct. at p. 1747).

Although *Gentry* was based on principles similar to those in *Discover Bank*, *Concepcion* did not address it.  Thus, cases are split as to whether *Gentry* remains viable.  (Compare, e.g., *Kinecta*, *supra*, 205 Cal.App.4th at p. 5106 ["*Gentry appears* to remain the binding law in California" despite *Concepcion*; dicta]; *Truly Nolen of America v. Superior Court (2012)* 208 Cal.App.4th 487, 507 [although *Concepcion* "implicitly disapproved" *Gentry*, court will not "disregard" decision without "specific guidance" from California Supreme Court] with, e.g., *Morvant v. P.F. Chang's China Bistro, Inc.* (N.D.Cal. 2012) 870 F.Supp.2d 831, 840-841 [no distinction between *Discover Bank* and *Gentry* and class action waiver must be enforced under *Concepcion*].)  The California Supreme Court is considering this issue in *Iskanian v. CLS Transportation of Los Angeles LLC* (2012) 206 Cal.App.4th 949, review granted September 19, 2012, S204032.  We need not decide this question because even if the case remains good law, plaintiffs have not satisfied their burden under *Gentry*.

11

To invalidate an express waiver of the right to file a class action, or, in this case, to read the right to arbitrate a class action into the arbitration provisions, plaintiffs have the burden to provide sufficient facts (*Gentry, supra,* 42 Cal.4th at p. 463) to show: (1) "the modest size of the potential individual recovery"; (2) "the potential for retaliation against members of the class"; (3) "the fact that absent members of the class may be ill informed about their rights"; and (4) "other real world obstacles to the vindication of class members' rights to [timely payment of wages upon termination] through individual arbitration" (*ibid.*). In deciding whether plaintiffs have met the burden, a court has broad discretion. (*Id.* at pp. 463-464.)

Plaintiffs failed to prove factors two through four. Although they filed their own declarations and one by their counsel, none of them stated any facts related to those three elements. And in their briefs plaintiffs do not point to any evidence whatsoever to support those factors.[3] Thus, *Gentry* does not provide any basis for ordering class arbitration. (*Gentry, supra*, 42 Cal.4th at p. 463; *Truly Nolen, supra,* 208 Cal.App.4th at p. 510.)

### 2. *Representative Claim Under the PAGA*

Labor Code section 2699, subdivision (a) provides that, in cases where a civil penalty could be levied and collected by the Labor and Workforce Development Agency for violation of the Labor Code, alternatively, the penalty may "be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." An employee bringing a PAGA claim "does so as the proxy or agent of the

---

[3] Plaintiffs' brief mention of the trial court's failure to address whether they were entitled to further discovery as to the *Gentry* factors is waived for lack of authority and reasoned legal argument. (*Evans v. CenterStone Development Co., supra,* 134 Cal.App.4th at p. 165.) In any event, having raised *Gentry* in their opposition to the motion to compel arbitration, they were required to produce sufficient evidence and are not entitled to a second chance to satisfy that burden. (*Nelsen v. Legacy Partners Residential, Inc., supra,* 207 Cal.App.4th at p. 1132.)

state's labor law enforcement agencies. The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves." (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986.) "Restitution is not the primary object of a PAGA action, as it is in most class actions." (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 499 (*Brown*).)

The complaint contains a cause of action on behalf of Rosales seeking those penalties on behalf of herself and the PAGA class members. The court ruled Rosales had to arbitrate the PAGA claim only on her own behalf and the representative claim was barred. Plaintiffs contend Rosales has the right to arbitrate her PAGA claim on a representative basis. To reach this issue some background is needed.

In California there is a split of authority as to whether the right to arbitrate a PAGA claim can be waived. *Brown, supra,* 197 Cal.App.4th 489 is the case most often cited as authority for the proposition waivers of the right to arbitrate a PAGA claim may be held invalid under state law and the FAA does not control.

In *Brown* the arbitration provisions stated all disputes between defendant and its employees were required to be arbitrated and the parties had no right to bring representative claims on as a private attorney general. Defendant argued this prevented plaintiff from arbitrating a PAGA representative claim. The appellate court disagreed.

It held *Concepcion* did not address waivers of the right to bring a representative action under the PAGA. Nor is California law rendering such waivers unenforceable preempted by the FAA. (*Brown, supra*, 197 Cal.App.4th at pp. 498-503.) *Concepcion* "does not purport to deal with the FAA's possible preemption of contractual efforts to eliminate representative private attorney general actions to enforce the Labor Code." (*Id.* at p. 500.) "If the FAA preempted state law as to the unenforceability of the PAGA representative action waivers, the benefits of private attorney general actions to enforce state labor laws would, in large part, be nullified." (*Id.* at p. 502; see also *Plows v. Rockwell Collins, Inc.* (C.D.Cal. 2011) 812 F.Supp.2d 1063, 1070.)

13

On the other hand, there are California federal court cases that hold a waiver of the right to arbitrate a PAGA representative claim is enforceable. *Quevedo v. Macy's, Inc*. (C.D. Cal. 2011) 798 F.Supp.2d 1122 explained that "requiring arbitration agreements to allow for representative the PAGA claims on behalf of other employees would be inconsistent with the FAA." (*Id*. at p. 1142.) It would slow down the process and make it more expensive. In addition, an erroneous decision would not have the benefit of an appeal. (*Ibid*.) The court concluded the plaintiff's individual PAGA claim was arbitrable and the provision precluding a representative PAGA claim could be enforced. (*Ibid*.; see also *Velazquez v. Sears, Roebuck & Co.* (S.D.Cal. Aug. 26, 2013, No. 13cv680-WQH-DHB) 2013 WL 4525581, *1-*3 [under FAA PAGA waiver enforceable]; *Grabowski v. C.H. Robinson Co.* (S.D.Cal. 2011) 817 F.Supp.2d 1159, 1180-1181 [PAGA claim was arbitrable and waiver of representative action in arbitration agreement enforceable; *Quevedo*'s reasoning more persuasive than that of *Brown*].)

In the agreement before us, there is no waiver of the right to bring a PAGA claim. In fact, the agreement allows for disputes regarding wage claims and for compensation and penalties. Nor is there an express waiver of the right to arbitrate a representative claim. But, as discussed above, the language of the arbitration agreement limits the proceedings to disputes between plaintiffs and defendants only. Thus, the issue is whether the PAGA provides for an individual right of action or is representative only.[4]

_____

[4] Currently our Supreme Court has before it two cases that each came down on different sides of the question. In *Iskanian v. CLS Transportation Los Angeles, LLC*, *supra*, S204032, relying on the FAA and *Concepcion, supra*, __U.S. __ [131 S.Ct. 1740], the court enforced a waiver of the right to arbitrate a PAGA claim and noted that the plaintiff could arbitrate the PAGA claim individually. On the other side, *Brown v. Superior Court* (2013) 216 Cal.App.4th 1302, review granted September 11, 2013, S211962, held a PAGA claim was a representative action and not an individual one and because the arbitration agreement did not provide for representative actions, the PAGA claim could not be arbitrated but had to be severed and stayed.

The majority view is a PAGA claim can be brought as a representative action only. In *Arias v. Superior Court, supra*, 46 Cal.4th 969, the court instructed that a plaintiff bringing a PAGA action is acting "as the proxy or agent of the state's labor law enforcement agencies." (*Id.* at p. 986.) *Brown, supra*, 197 Cal.App.4th 489 amplified "[t]he purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code. [Citation.] [T]he relief is in large part 'for the benefit of the general public rather than the party bringing the action.'" (*Id.* at p. 501.)

In *Machado v. M.A.T. & Sons Landscape, Inc.* (E.D.Cal. July 23, 2009, No. 2:09-cv-00459 JAMJFM) 2009 WL 2230788 the court reviewed the language of the statute and held that common use of the word "and" in the provision that an employee could sue "on behalf of himself or herself *and* other current or former employees" (Lab. Code, § 2699, subd. (a), italics added) clearly and unambiguously meant a PAGA claim was a representative action. (*Machado v. M.A.T. & Sons Landscape, Inc., supra,* 2009 WL at p. *2; see *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1123 [plaintiff may not bring individual PAGA claim].)

In *Grabowski v. C.H. Robinson, Inc., supra,* 817 F.Supp.2d 1159, the court, without addressing the language of Labor Code section 2699, subdivision (a), by default decided a PAGA claim could be litigated individually when it held that the plaintiff's PAGA claim was arbitrable and the arbitration agreement's provision prohibiting a representative action was enforceable. (*Grabowski v. C.H. Robinson, Inc., supra,* 817 F.Supp.2d at p. 1181; see *Valle v. Lowe's HIW, Inc.* (N.D.Cal. Aug. 22, 2011, No. 11-14895C) 2011 WL 3667441, *6 [without analysis of statutory language, held PAGA claim arbitrable even if agreement interpreted to prohibit representative claims].)

We think the better view is the PAGA provides for a representative, not an individual, action. The statutory language is plain and not ambiguous. This controls our

15

interpretation of the provision. (*Elk Hills Power, LLC v. Board of Equalization* (2013) 57 Cal.4th 593, 609-610.)

Thus, even though under the arbitration agreement Rosales agreed to arbitrate "claims for wages or other compensation due or penalties . . . [and] violation of statute," she cannot be compelled to litigate her PAGA claim as an individual, as the court ordered. On the other hand, because the arbitration provision limits arbitration to Rosales and defendants, defendants cannot be compelled to arbitrate the PAGA claim as a representative action.

In short, the representative PAGA claim is not barred but cannot be ordered to arbitration. It follows, then, the only conclusion to be reached is the PAGA claim should be severed from the remainder of the complaint. (*RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal.App.4th 1511, 1521-1522 [courts may sever nonarbitrable claims from arbitrable claims].) We reverse those portions of the order that compel Rosales to arbitrate her PAGA claim on an individual basis and that bar her representative PAGA claim but we exclude that claim from the arbitration.

*D. Arbitrability of UCL and Injunction Claims*

Plaintiffs assert their request for an injunction under the UCL to prevent defendants' alleged wage and hour violations cannot be arbitrated under *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303.[5] *Cruz* held a request for injunctive relief in a UCL claim for the benefit of the public or third parties is not arbitrable. (*Id.* at pp. 315-316.)

---

[5] In dicta, *Nelsen* stated this claim would not be viable under *Concepcion, supra,* __U.S. __ [131 S.Ct. 1740]. (*Nelsen v. Legacy Partners Residential, Inc., supra,* 207 Cal.App.4th at p. 1136]; see also *Kilgore v. KeyBank, N.A.* (9th Cir. 2012) 673 F.3d 947, 959 [*Cruz* does not survive *Concepcion*].) *Concepcion* confirmed that a state law banning arbitration of a specific type of claim, such as for injunctive relief under the UCL for the benefit of the public, is prohibited by the FAA. (*Concepcion, supra,* __U.S. __ at p. __ [130 S.Ct. at p. 1747].) We need not reach this argument since the issue has been forfeited on appeal.

Whether *Cruz* would apply here is a question of fact, i.e., would the injunction plaintiffs seek "more than incidentally benefit the public." (*Nelsen v. Legacy Partners Residential, Inc., supra,* 207 Cal.App.4th at p. 1136.) Plaintiffs failed to make this argument in their opposition to the motion to compel arbitration, denying defendants the opportunity to contest it and the trial court the ability to rule on it. This forfeits the claim on appeal. (*Ibid.*; see also *Greenwich S.F., LLC v. Wong, supra,* 190 Cal.App.4th at p. 767.)

Plaintiffs assert they raised this issue, but cite only to their oppositions in the Alameda County proceedings. They claim, without any record references, they attached copies of "papers previously filed" to their opposition filed in the Orange County Superior Court. But plaintiffs did not argue the issue in their Memorandum of Points and Authorities or at the hearing on the motion. Merely attaching documents is not the equivalent of presenting an issue for the court to decide.

Finally, we reject plaintiffs' conclusion there is nothing in the order specifically compelling these claims be arbitrated. The minute order plainly states the parties must arbitrate the individual claims, and it bars representative claims. Thus, the request for injunctive relief under the UCL must be arbitrated on an individual basis. (*Nelsen v. Legacy Partners Residential, Inc., supra,* 207 Cal.App.4th at p. 1136.)

## DISPOSITION

That portion of the order compelling Rosales to arbitrate her PAGA claim individually and prohibiting her representative claim is reversed. Her PAGA claim shall not be arbitrated. The parties shall bear their own respective costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

18